UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2021-C59, Commercial Mortgage Pass-Through Certificates, Series 2021-C59, Commercial Mortgage Pass-Through Certificates, Series 2021-C59, through its special servicer Argentic Services Company LP,<br><br>      Plaintiff,<br><br>v.<br><br>WEC 98D-7 LLC, WEC 98D-16 LLC, WEC 98D-17 LLC, WEC 98D-18 LLC, WEC 98D-21 LLC, WEC 98D-23 LLC, each a Texas limited liability company; and RX Ashland Investors, L.L.C. and RA2 Stuarts Draft L.L.C., each a Delaware limited liability company,<br><br>      Defendants. | Case No. 25-cv-11620<br>Hon. Matthew F. Leitman |

## ORDER APPROVING SALE OF PROPERTY

This Court has reviewed Plaintiff and Receiver's Joint Motion to Approve Sale of Property filed by Plaintiff and Chris Neilson of Trigild IVL, Court-Appointed Receiver. Having considered the Motion, the accompanying exhibits, the Purchase and Sale Agreements, and all other materials submitted, the

Court finds that the Joint Motion to Approve the Sale of Property should be **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED** that the Purchase and Sale Agreements, including any existing or subsequent modifications or amendments, between the Receiver and the Purchasers, and their respective successors and assigns, for the sale of six of the eight subject Properties, are **APPROVED** as to the following locations:

| **Subject Property** | **Location** |
|---|---|
| WEC 98D-17 LLC | 924 West Main Street, Fremont, Michigan (Newago County) |
| WEC 98D-18 LLC | 2263 Cedar Street, Holt, Michigan (Ingham County) |
| WEC 98D-21 LLC | 35350 23 Mile Road, New Baltimore, Michigan (Macomb County) |
| WEC 98D-7 LLC | 173 Main Street, Clay, West Virginia (Clay County) |
| RA2 Stuarts Draft L.L.C. | 2596 Tinkling Spring Road, Stuarts Draft, Virginia (Augusta County) |
| RX Ashland Investors L.L.C. | 607 England Street, Ashland, Virginia (Hanover County) |

**THE COURT FURTHER FINDS THAT:**

- This Court has authority and jurisdiction to enforce the terms of the Receivership Order.

- Defendants have been duly served with copies of the Joint Motion to Approve the Sale of Property.

- All interested parties have received proper and adequate notice of the Motion and the proposed sales.

- The Receivership Order requires sale approval only from Plaintiff and this Court. (ECF Dkt. #26.)

- The Receivership Order authorizes and directs the Receiver to market and sell the Properties, subject to approval by Plaintiff (as Lender) and this Court. (ECF Dkt. #26.)

- On December 17, 2025, the Receiver entered into six Purchase and Sale Agreements for the sale of six of the eight subject Properties.

- The sales are **not** to the Receiver, nor to any person or entity with a beneficial interest in the Receiver, nor to any person or entity in which the Receiver has a beneficial interest.

- In the Receiver's reasonable business judgment, all terms and conditions of the Proposed Sale are appropriate.

- The sales of the subject Properties, on the terms set forth in the Purchase Agreements, are in the best interests of the receivership estate.

**NOW, THEREFORE, IT IS ORDERED THAT:**

- The Receiver is authorized to transfer and sell the subject Properties under the terms and conditions of the Purchase and Sale Agreements.

- Upon receipt of the purchase price, the Receiver is authorized to execute and deliver the deed, bill of sale, assignment of leases, closing statement, and all other documents necessary or desirable to transfer the Properties.

- The Receiver is authorized to pay all customary costs of sale, prorations, commissions, and other adjustments reasonably approved by the Receiver, as provided in the Purchase Agreements.

- The sale of the mortgaged Properties shall be **free and clear** of all liens, lis pendens, claims, pledges, mortgages, rights, security interests, charges, options, and redemption rights, and all other right, title, and interest of Plaintiff, Defendants, or third parties, **except for the Permitted Exceptions** (as defined in the Purchase Agreements).

- This Order may be recorded with the Register of Deeds in each County where the subject Properties are located.

- Any title company and its agents may rely upon this Order and the Receivership Order in issuing any policy of title insurance.

- This Order supplements the Receivership Order (Dkt. #26), which remains in full force and effect as modified herein.

- This Order constitutes a **Confirmation Order** approving the sale of the Properties as requested in the Plaintiff and Receiver's Joint Motion to Approve Sale of Property.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 2, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126